# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1361V
Filed: September 28, 2017
UNPUBLISHED

| | |
|---|---|
| YIWEI SUN,<br><br>                         Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                         Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

      On October 19, 2016, Yiwei Sun ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she sustained shoulder injuries from an influenza ("flu") vaccination she received on October 20, 2015. Pet. at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On March 31, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On September 28, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $122,038.99. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $122,038.99 in the form of a check payable to petitioner, Yiwei Sun.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| YIWEI SUN, | ) | |
| | ) | |
| Petitioner, | ) | No. 16-1361V |
| | ) | Chief Special Master |
| v. | ) | Nora Beth Dorsey |
| | ) | SPU |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

# RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 19, 2016, Yiwei Sun ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on March 31, 2017. Based on Respondent's Rule 4(c) Report, on March 31, 2017, the Chief Special Master found petitioner entitled to compensation.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $122,038.99, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$122,038.99** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                                          Respectfully submitted,

                                          CHAD A. READLER
                                          Acting Assistant Attorney General

                                          C. SALVATORE D'ALESSIO
                                          Acting Director
                                          Torts Branch, Civil Division

                                          CATHARINE E. REEVES
                                          Deputy Director
                                          Torts Branch, Civil Division

                                          GABRIELLE M. FIELDING
                                          Assistant Director
                                          Torts Branch, Civil Division

                                           s/Althea Walker Davis
                                          ALTHEA WALKER DAVIS
                                          Senior Trial Counsel
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C.  20044-0146
                                          Tel: (202) 616-0515

DATED:  28 September 2017

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.