# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 16-1361V**
**Filed: January 22, 2018**
UNPUBLISHED

|  |  |
|---|---|
| YIWEI SUN, <br><br>                  Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                  Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 19, 2016, Yiwei Sun ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she sustained shoulder injuries from an influenza ("flu") vaccination she received on October 20, 2015. Pet. at 1-4. On September 28, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 38.)

On December 15, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 43.) Petitioner requests attorneys' fees in the amount of $15,837.80 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,105.09[3].  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 43-3.) Thus, the total amount requested is $16,942.89.

On December 20, 2017, respondent filed a response to petitioner's motion.  (ECF No. 44.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

On December 27, 2017, petitioner filed a reply.  (ECF No. 45.)  Petitioner disputes respondent's position that she has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours with the exceptions listed below.

Ms. Wilson billed 6.50 hours in 2016 at a rate of $301 per hour, and 33.50 hours in 2017 at a rate of $308 per hour.  (ECF No. 43-1, p. 11.) The undersigned reduces Ms. Wilson's hourly rates to $275 for 2016, and $290 for 2017.  *See Kaufman v. Sec'y of Health & Human Servs.,* No. 15-1045V, 2016 WL 8347656, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 7, 2016) (setting Ms. Wilson's rate for 2014 through 2016); *Noblett v. Sec'y of Health & Human Servs.,* No. 14-969V, 2017 WL 3033932, at *2 (Fed. Cl. Spec. Mstr. June 15, 2017) (setting a 2017 rate for Ms. Wilson based in part on the undersigned's analysis in *Kaufman*).

Additionally, on March 22, 2017, Ms. Wilson billed 7.0 hours of travel at her full hourly rate.  (ECF No. 43-1, p. 5.)  In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.,* No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special

---

[3] Petitioner's counsel failed to follow the undersigned's Order, instructing her to file "**two sets of billing records**" if she wished to request higher hourly rates than those the undersigned has previously awarded in SPU cases and/or her full hourly rate for time spent traveling during which no substantive work was performed.  Order, filed Oct. 12, 2017 (ECF No. 42.)  In the future, counsel's failure to follow court orders may delay any action on her motion for attorneys' fees and costs.

masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* The undersigned finds this time should have been billed at an hourly rate of $145.00, one-half of the usual 2017 rate for petitioner's counsel.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs with the following reductions:

> 2016: ($301-$275)*6.5 hours = $169.00 reduction
> 2017: ($308-$290)*26.50 hours = $477.00 reduction
> Travel: ($308-$145)*7.0 = $1,141.00 reduction

### Total Reduction: $1,787.00

**Accordingly, the undersigned awards the total of $15,155.89[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber Diane Wilson. Per petitioner's request payment shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.